## MERCANTILE BANK OF THE AMERICAS

*v.*

## WEST PORTO RICO SUGAR CO., INC., ET AL.

---

San Juan, Equity, No. 1071.

### SELECTION OF DEPOSITARY.

Receivership—Depositing with Clerk.

    1. The law does not contemplate that receivership funds will be deposited with the clerk. His duty is to receive on execution and pay out to a judgment creditor. His office is not a bank.

Receivership—Creditor Bank.

    2. The fact that a bank is a creditor is no reason for making it a receiver's depository; the reasoning might even be the other way. Handling of money is entirely within the discretion of the receiver, subject to accounting.

Opinion filed April 5, 1921.

*Mr. Jaime Sifre* for receivers.

*Messrs. Harry F. Besosa* and *O. B. Frazer* for various motions.

HAMILTON, Judge, delivered the following opinion:

Certain motions need not be discussed, but two relative to depositaries have been earnestly pressed and should receive careful consideration.

1. The questions presented relate to the safe-keeping of the receivership funds earned and disbursed during the management of the property in question. Nothing can be more important.

The first question presented is whether these funds shall be paid into court and thus deposited in the registry of the court. Theoretically as to this there could be no objection, as it is the court that is managing the property and the clerk's office is the treasury of the court. Practically there is the objection that everything going into the registry is subject to a deduction or fee of 1 per cent, nominally going to the clerk, but really going to the treasury of the United States. This is not a tax in any proper sense of the word; it was in its origin a fee to the clerk for the handling of the money. No governmental reason therefore now requires that the court increase funds for that purpose. In point of fact, unless required for some specific reason, it would seem improper to diminish the fund going to creditors, and who ex hypothesi may not receive all that is due them. The expenses of a receivership must ultimately come out of the property and the creditors.

Mercantile Bank v. West Porto Rico Sugar Co.

The true rule would seem to be this. The clerk's office is the depository for moneys received on execution or whatever may be the equivalent final process in a particular case. The clerk's office is not a place of deposit and checking. It is not a bank of circulation. In the first place the court judicially knows that as at present organized the force in the clerk's office would not be adequate for such work. It would take time and attention from matters which are pressing and for which sometimes there is already need of further help. Moreover, the handling of money is a technical matter, requiring trained clerical assistance, which may or may not be available there under present circumstances. But the controlling fact is that there is no necessity for making the clerk's office a bank of circulation. The very object of appointing a receiver is to have someone who will look after the business of the property while in the hands of the court. There is no more reason for putting the money in the court registry than there is for putting the bulls or the sugar used in manufacture in the hands of the clerk. It is the duty of the receivers to look after the money result as much as it is to look after the instruments used in the manufacture itself. Of course, ultimately, when there comes to be a final accounting and money to be paid over to creditors, the clerk's office will come into play. Meantime the receivers have the handling of the money and are responsible for it.

2. It is urged that the receivers be directed to deposit the funds received in the operation of the receivership property in the Banoc Territorial, which is a large creditor of the defendant corporation and in this way will be able to recoup some of its possible losses. This does not commend itself to

Mercantile Bank v. West Porto Rico Sugar Co.

the mind of the court. No question made that this is a good bank and it would be a pleasure to see any creditor recoup his losses, but a receivership is not a beneficiary organization. It cannot aid one creditor more than another. That would amount to the court's going into business.

And in point of fact it might be that if a bank has made so large a loan to a corporation that is in danger of loss, this might in itself be a reason for not making a deposit in that institution. It might argue a lack of wisdom on the part of the managers. This is not decided; and the court would be far from wishing to make such a decision; but at least the fact that a bank is a large sufferer is not a reason for putting receivership funds in it. A receivership is independent entirely of all parties and all claims and is directed to the preservation and conservation of the property in question, whether physical or financial. Funds must be deposited in a safe depository independent of all other considerations. It would seem best to leave the receivers to their own discretion in the matter of depository. It may be that they would use this bank as well as other banks. The court has no wish to control their discretion, but they are to remember they will be liable on their bonds for any abuse of discretion or for negligence.

The same might be said of the suggestion that deposit be made in the American Colonial Bank and the National City Bank, which are authorized depositories of the United States. There is no question as to these being proper places for deposit if the receivers see proper, and it might be the part of wisdom to keep a growing fund in these depositories. The same rule as to discretion will apply. The receivers are intrusted with large powers, they are in fact the hand of the court, the court

itself engaged in the protection of receivership property, and it would not be wise to control their discretion, nor has the court any wish to do so, except to hold them accountable as above defined.

The receivers will act accordingly.